**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenna Crosby, ) | No. CV-10-0064-PHX-GMS |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Life Insurance Company of the Southwest,) a foreign corporation; Cunningham) Financial Group, an Arizona business) entity, ) ) Defendants. ) ) | |

Pending before this Court is Plaintiff Glenna Crosby's Motion for Reconsideration pursuant to Local Rule 7.2(g), requesting that the Court reconsider its December 21, 2010 Order denying Plaintiff's Motion for Partial Summary Judgment and granting Defendant's Motion for Summary Judgment. (Doc. 30). For the reasons stated below, the Court denies Plaintiff's motion.

**BACKGROUND**

On June 11, 2010, Plaintiff filed a Motion for Partial Summary Judgment, asking the Court to interpret A.R.S. § 20-1109(3). (Doc. 21). On July 9, 2010, Defendant Life Insurance Company of the Southwest ("LSW") filed a response to Plaintiff's motion and a Motion for Summary Judgment "on all of the plaintiff's claims." (Doc. 25). Plaintiff failed to file any response to Defendant's motion. The Court issued its Order addressing both motions on

1 December 21, 2010. (Doc. 28). In that Order, the Court denied Plaintiff's motion, concluding that Plaintiff's interpretation of A.R.S. § 20-1109(3) was both inconsistent with the plain language of the statute and contrary to Arizona case law. In addition, the Court granted Defendant's motion, finding summary judgment appropriate.

On January 3, 2011, Plaintiff filed this Motion for Reconsideration on the Court's Order, arguing in particular that the Court should not have reached the issue of whether a question in Dr. Crosby's life insurance policy application was unambiguous and elicited a factual response. (Doc. 30). Plaintiff argues that it "deliberately and specifically left the resolution of this factual dispute as a 'topic for another day.'" Plaintiff contends that for purposes of her motion, "a ruling as to A.R.S. § 20-1109 would have been unnecessary."

The Court agrees that for purposes of resolving Plaintiff's Motion for Partial Summary Judgment, it was not necessary or even appropriate for the Court to decide whether the question on Defendant LSW's life insurance application was unambiguous and called for a factual response. Nevertheless, Defendant independently moved for summary judgment on Plaintiff's claims in their entirety. Thus, to resolve Defendant's motion, the Court was required to make such a determination about the question on LSW's application. Plaintiff completely failed to provide any response to Defendant's motion. After having so failed and then after having had summary judgment entered against her on the entirety of her claims, Plaintiff now seeks to present legal arguments and withdraw her previous factual admissions in a motion for reconsideration. Such an attempt is improper.

## DISCUSSION

**A.  Legal Standard**

A motion for reconsideration is meant to correct "manifest error" or to present "new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." Local R. Civ. P. 7.2(g). The granting of a motion for reconsideration "is an extraordinary remedy which should be used sparingly." 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). Such a motion "'may not be used to relitigate old matters, or to raise argument or present evidence that could have been

- 2 -

1 raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5
2 (2008) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1). "A
3 motion for reconsideration should not be used to ask a court 'to rethink what the court had
4 already thought through – rightly or wrongly.'" *Defenders of Wildlife v. Browner*, 909
5 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing,*
6 *Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Arguments that a court was in error on the issues
7 it considered should be directed to the court of appeals." *Id.* (citing *Refrigeration Sales Co.*
8 *v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

9 **B.    Analysis**

10 Even were the Court to consider Plaintiff's argument, raised for the first time on a
11 motion for reconsideration, it does not establish that the Court erred in granting Defendant's
12 Motion for Summary Judgment, let alone committed "manifest legal error" in doing so.
13 Local R. Civ. P. 7.2(g). The question at issue in LSW's life insurance application instructs
14 the applicant to "List any life or disability insurance you currently have (include face & ADB
15 amounts, company name & year of issue)." (Doc 24, Ex. 1). Such a question is
16 straightforward on its face and requires no judgment calls, analysis or interpretation of facts
17 or terms. It merely requires the applicant to list any life or disability insurance that he or she
18 currently has.

19 In her Motion for Reconsideration, Plaintiff argues that the "you" in the question
20 necessarily creates ambiguity because the term must refer to Dr. Jim Crosby personally as
21 an owner of a life insurance policy. Plaintiff then argues, from this unestablished premise,
22 that the question is at least ambiguous as applied to the facts in this case because Dr. Jim
23 Crosby did not "own" the additional Lafayette life insurance policy. Rather, Plaintiff argues
24 Dr. Crosby was merely the beneficiary of a $1.4 million life insurance policy that was an
25 "ancillary benefit" of the "Jim Crosby, DDS, P.C. Defined Benefit Pension Plan" that Dr.
26 Crosby established for his dental practice through Lafayette Life. Thus, Plaintiff argues in
27 her Motion for Reconsideration that, regardless of the fact that the beneficiary of the
28 Lafayette life insurance policy was Dr. Jim Crosby, the true owner of the policy was the

1 Defined Benefit Pension Plan Trust or some other third party, but not Dr. Crosby himself. As a result, Plaintiff asserts, the question in the life insurance application is an ambiguous one and the Court should not have granted summary judgment in Defendant's favor on the question concerning "legal fraud."

Unfortunately for Plaintiff, however, even assuming that the ownership distinction she now raises would have affected the Court's analysis, she has already admitted in responses to Defendant's requests for admissions, that it was Dr. Crosby who had in force a life insurance policy with Lafayette Life and that he did not disclose that policy in his LSW application. (Doc. 24, Ex. 2 at ¶ 3–4, 6–9 (admitting that "*Crosby* had in force a policy of life insurance with Lafayette Life Insurance Company" as of certain dates (emphasis added))). Defendant relied on these admissions in bringing its own motion for summary judgment to which the Plaintiff did not respond. The Court granted summary judgment to Defendant after considering those admissions. Given Plaintiff's admissions and failure to respond to Defendant's Motion for Summary Judgment, the Plaintiff cannot now take the position in a motion for reconsideration that a factual ambiguity exists because Dr. Crosby did not actually own the Lafayette life insurance policy, but rather the trust or another third party did.

At any rate, there is a considerable distinction between the question in the application here and the types of questions that the Ninth Circuit has indicated are so ambiguous or opinion-oriented as to prevent the grant of summary judgment. For example, in *James River Insurance Co. v. Schenk,* a recent case not cited by the Plaintiff in her Motion for Reconsideration, the Ninth Circuit reversed the district court's grant of summary judgment to an insurance company seeking a declaration of no coverage. 523 F.3d 915 (9th Cir. 2008). At issue in that case was the following question:

> After inquiry, are any [lawyers within the firm] aware of any circumstances, allegations, Tolling [sic] agreements or contentions as to any incident which may result in a claim being made against the Applicant or any if [sic] its past or present Owners, Partners, Shareholders, Corporate Officers, Associates, Employed Lawyers, Contract Lawyers or Employees or its predecessor in business?

*Id.* at 918. The defendant responded in the affirmative and listed several actual and potential

- 4 -

1 claims, but did not disclose any information about a potential legal malpractice claim that
2 was later filed against defendant. *Id.* The issue raised on appeal was whether in his response,
3 the defendant made a factual misrepresentation. *Id.* at 921. The Ninth Circuit agreed with the
4 defendant that the question, which asked the applicant to list any incidents which "may
5 result" in a claim, is "fairly viewed as a matter of opinion." *Id.* The Court noted that the
6 answer required "a judgment call reflecting an analysis of those circumstances," and thus was
7 ambiguous. *Id.* at 922. In answering the question at issue here on LSW's life insurance
8 application, no such judgment call or expressions of opinion were required.

9 Rather than rely on applicable precedent such as *James River*, Plaintiff in her motion
10 relies on two out-of-state cases, *Mutual Benefit Health & Accident Ass'n of Omaha v. Reid*,
11 182 So.2d 869 (Ala. 1966), and *Purcell v. Washington Fidelity National Insurance Co.*, 16
12 P.2d 639 (Or. 1932). Neither of these cases has facts analogous to those presented here. In
13 *Mutual Benefit,* the insurer tried to rescind an accidental death rider it had issued to the
14 insured as part of an accident and health policy based on the insured's failure to disclose a
15 life insurance policy. 182 So.2d at 874. In the accident and health policy application, a
16 question asked: "Are you or your listed dependents, if any, now covered by other *personal*
17 *insurance*, or are applications now pending for *such insurance*? (monthly indemnity, hospital
18 benefits, etc.)." *Id.* The decedent had no other accident and health policies, but he did hold
19 a separate life insurance policy that he did not disclose in response to the question. *Id.* The
20 Court demurred, noting that "[t]he requirement that the defendant be notified of the existence
21 of additional insurance, or of pending application therefor, had reference to the kind of
22 insurance covered by the policy in suit, i.e., accident or health insurance." *Id.* at 875. Thus
23 an accidental death rider on the accident or health policy could not be rescinded based on the
24 failure to disclose a separate life insurance policy because the "policy in suit" was not a life
25 insurance policy. *Id. Purcell* is to the same effect. *See* 16 P.2d at 642 (holding that a failure
26 to disclose a life insurance policy that had incidental disability benefits was an insufficient
27 basis on which to rescind a disability policy).

28 The facts of those cases are distinguishable from the facts before the Court in the

- 5 -

present case. The question in the LSW life insurance policy application asked about other life and disability insurance that the insured had. A life insurance policy is the "policy in suit." Dr. Crosby admittedly had such coverage and did not disclose it. Thus, Plaintiff is in no way aided by *Mutual Benefit* or *Purcell*, each of which involved an attempt to rescind a policy based on a failure to disclose policies that were primarily designed to cover different risks.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 30) is **DENIED**.

DATED this 19th day of January, 2011.

/s/ H. Murray Snow
G. Murray Snow
United States District Judge